UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THE OAKS SENIOR LIVING LLC,
 a California limited liability company,

      Plaintiff,

vs.

PI XVI, LLC, dba PI, LLC,
a Florida limited liability company, and
JOHN MARTINEZ, an individual;

      Defendants.

_____/

## COMPLAINT

Plaintiff, The Oaks Senior Living LLC ("Plaintiff" or "Oaks"), by and through undersigned counsel, hereby sues Defendants Pi XVI, LLC, dba PI, LLC  ("Pi") and John Martinez ("Martinez") and further states:

## JURISDICTION, PARTIES AND VENUE

1.      This is an action for damages pertaining to and in connection with a written loan commitment made by Defendant Pi, pursuant to which Pi agreed to provide a real estate loan to Plaintiff in the amount of $9,000,000, received funds from Plaintiff in connection with the prospective loan, and then failed and refused to fund the loan, or to return any funds paid to Pi by Plaintiff.

ME1\60648861.v1

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as there is complete diversity in citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. At all times material, Plaintiff was a California limited liability company, authorized to do business and doing business in the State of California.

4. At all times material, Pi was a Florida limited liability company, authorized to do business and doing business in the State of Florida.  Pi is a Florida limited liability company with its principal place of business in at 500 Australian Avenue, South, Suite 500, West Palm Beach, Palm Beach County, FL 33401. According to Pi's Articles of Organization, Martinez ("Martinez") is a 98% member, and Tyler Martinez is a 2% member.

5. At all times material, Martinez was *sui juris*, and resided in the Southern District of Florida.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are based in the Southern District of Florida, Defendants conducted their business within the Southern District of Florida, and the parties agreed to such venue for legal action between them.

7. All conditions precedent to the bringing of this action have been met, have occurred or have been waived.

8. Plaintiff has incurred attorneys' fee in bringing this action.

## FACTS COMMON TO ALL COUNTS

9. Pi's website falsely claims: "Since 2011, Pi XVI has provided debt, equity, and

loan services on domestic and international commercial real estate and investor developments from our headquarters in West Palm Beach, Fla., and our offices nationwide."

10.     In truth, Pi is less than five years old. It was created by Martinez in March of 2020 when his previous company, Praxis Capital Group, LLC ("Praxis") was forced into bankruptcy. Praxis incurred millions of dollars in fraud judgments due to Martinez's past misconduct.

11.     In mid-2024, Plaintiff was introduced to Pi through brokers Plaintiff is informed and believes represented Pi, and, after reviewing Pi's website, sought financing from Pi for development of Oaks' real property, located at 200 Marinwood Ave., San Rafael, CA 94903 (the "Property").

12.     Defendant agreed to make loan of $9,000,000 (the "Loan") to Oaks, for the purpose of refinancing a loan from Red Oak Capital Holdings, LLC ("Red Oak"), secured by the Property.

13.     Pi issued a written loan commitment letter to Oaks on or about July 18, 2024. (the "Commitment").  Pursuant to that Commitment, Pi "conditionally approved" the Loan, based on the terms set forth therein.  A true and complete copy of such Commitment is attached hereto as Exhibit A and is incorporated herein by such reference.

14.     The Commitment provides, among other things, that it shall be governed by, and construed in accordance with, the laws of the State of Florida.  The Commitment further provides venue for any dispute thereunder may be heard in the Federal court for the Southern District of Florida.

ME1\60648861.v1

15.     Oaks diligently worked towards closing the Loan and disclosed all material facts in connection with the Loan.  Oaks paid Pi the aggregate sum, for various purposes demanded by Pi, of $114,500, toward the closing of the Loan.

16.     After Oaks made the payments of $114,500 described above, in correspondence dated September 9, 2024 (the "Termination Letter"), Pi, through Martinez, purported to terminate the Commitment. Such termination was based upon false allegations made by Pi that Oaks had made misrepresentations during the due diligence process.  Oaks thereafter requested a refund of certain of the fees paid to Pi.   Pi refused, and continues to refuse, to refund to Oaks any of the Fees paid by Oaks to Pi.

17.     The reasons set forth by Pi for termination of the Commitment were completely false, purely pretextual and made in bad faith.  During all times material to the Commitment, Oaks provided all information requested by Pi.  During all times material to the Commitment, Oaks did not misstate or misrepresent any facts in connection with the Commitment, the Loan or the Property.  During all times material to the Commitment, Oaks promptly paid all fees and amounts demanded by Pi.

18.     Pi breached the Commitment by, among other things, refusing to fund the Loan, and terminating the Commitment, even though Oaks had performed all of its obligations, including payment of $114,500 in fees and expenses, demanded by Pi.

19.     Pi and/or Martinez's scheme of misrepresenting their ability to fund loans, issuing commitments to prospective borrowers, demanding fees, unilaterally terminating such commitments, and then failing to return fees paid to them, represents a recurring theme, as follows:

ME1\60648861.v1

a.      Martinez's prior company, Praxis, was involved in at least 13 loan transactions from 2017 onward, only two of which closed, and none of which Praxis ever funded;

b.      Ecologics Group, LLC sued Martinez and Praxis in Case No. CACE19000300 in Division 5 of the 17th Judicial Circuit Court of Broward County, Florida.  In that case, the plaintiff alleged that Martinez represented an entity he controlled to be a commercial lender, accepted fees from a borrower seeking to develop a townhouse complex, stopped responding to communications from the borrower, made unreasonable demands of the borrower at the end of the diligence period, and refused to refund the fees with the excuse that the borrower failed to meet its obligations. The Court entered a judgment in excess of $2.2 million dollars against Martinez and found Martinez and Praxis liable for civil theft, fraud in the inducement, and unjust enrichment;

c.      The Glades II of Gregory Apartments, LLC and Cleburne Glades, LLC, prospective borrowers of Praxis, sued Martinez and Praxis in Case No. 2:20-CV-00148 in the United States District Court for the Southern District of Texas, Corpus Christi Division. Martinez and Praxis allegedly represented themselves as commercial lenders to a borrower seeking to develop an apartment complex. In a stipulated judgment, the Court found that Martinez provided a fabricated bank statement as proof of Praxis' supposed ability to fund the loan. Martinez accepted loan fees from the borrower, never funded the loan, and refused to return the loan fees. The Court held that Martinez was liable for fraudulent inducement and entered a judgment in excess of $6.8 million dollars against Martinez.  That judgment culminated in the commencement of bankruptcy proceedings for Praxis;

d. Martinez then formed Pi; most recently, on January 6, 2026, ECI SRC Hudson LLC commenced an action against Pi and Martinez in the 15th Judicial Circuit Court of Palm Beach County, Florida. In that case, like this matter, the plaintiff seeks damages for Pi and Martinez's refusal to repay due diligence fees made pursuant to a commitment letter for a construction loan of up to $92,100,000, following Pi's unilateral termination of such loan commitment. That case remains pending.

## COUNT I: BREACH OF CONTACT (against Pi)

20. Plaintiff adopts and realleges the allegations contained in paragraphs 1 though 19 herein and further states:

21. Oaks and Pi both authorized, executed and delivered the Commitment. The Commitment is a valid and enforceable written contract between Oak and Pi.

22. Oaks did all, or substantially all, of the essential things which the Commitment required Oaks to do, or Oaks was excused from doing those things.

23. All conditions required by the contract for Pi's performance had occurred.

24. Pi refused to fund and, has continued to refuse to fund, the Loan.

25. As a direct result of Pi's breach of the Commitment, Oaks has suffered monetary damages in the amount of $114,500, prejudgment interest plus costs.

**WHEREFORE,** Plaintiff respectfully requests entry of judgment in favor of Oaks and against Defendant for damages in the amount of $114,500, prejudgment interest, costs of suit and such other and further relief as this court deems just and proper.

ME1\60648861.v1

## COUNT II:  FRAUDULENT INDUCEMENT (against Pi and Martinez)

26.    Plaintiff adopts and realleges the allegations contained in paragraphs 1 though 19 herein and further states:

27.    To induce Oaks into entering into the Commitment, so that they could require Oaks to pay the various fees set forth in the Commitment, Pi and Martinez misrepresented Pi's financial condition, its intention to fund the Loan, and its ability to fund the Loan.  Martinez made those misrepresentations knowing they were untrue at the time they were made.  He did so, knowing that he had engaged in similar schemes with different entities previously and intending to extract fees from Oaks.  In fact, however, Pi had no ability to fund the Loan.  At the time Pi entered into the Commitment, it had no intention of ever funding the Loan.

28.    However, during the negotiations, Pi and Martinez had the intention of causing Oaks to pay fees that would never be returned after Pi manufactured a reason not to close on the Commitment.

29.    The statements and representations made to Oaks, including those on Pi's website, were made to induce Oaks to enter into the Commitment, and pay Pi fees attendant to the Commitment.

30.    Oaks reasonably relied upon the representations made to Oaks to induce Oaks to enter into the Commitment, and Martinez and Pi intended for Oaks to rely on their statements and misrepresentations.

31.    As a proximate cause of Pi's actions as herein alleged, Oaks has been damaged in the amount of $114,500, costs of suit and such other and further relief as this court deems just and proper.

ME1\60648861.v1

**WHEREFORE,** Plaintiff respectfully requests entry of judgment in favor of Oaks and against Defendant for damages in the amount of $114,500, prejudgment interest, costs of suit and such other and further relief as this court deems just and proper.

### COUNT III: UNJUST ENRICHMENT (against Pi and Martinez)

32.     Plaintiff incorporates and realleges paragraphs 1 through 12 and 14-19 above as if fully set forth herein.

33.     Plaintiff conferred a benefit upon Defendants by paying $114,500 to Pi in connection with the Commitment.

34.     Defendants knowingly accepted and retained the benefit, thus making it inequitable to retain the benefit without funding the loan or returning the fees paid by Oaks.

35.     Upon information and belief, Martinez has kept or used the funds paid by Oaks to Pi.

36.     It is inequitable to allow Defendants to retain the benefit conferred upon them by Plaintiff without restitution.

37.     As a result of the foregoing, Defendants have been unjustly enriched to the detriment of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, prejudgment interest, all costs of this action, and for such other relief as this Court deems just and proper.

ME1\60648861.v1

## COUNT IV:  CIVIL THEFT (PURSUANT TO FLA. STATS. §§ 772.11, 812.014(1))
## (against Pi)

38.     Plaintiff incorporates and realleges paragraphs 1 through 19 above as if fully set forth herein.

39.     Fla. Stat. §812.014(1) states that "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently…(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property."

40.     Fla. Stat. §772.11 (1) states, in pertinent part, as follows:

> (1) Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

41.     Pi has committed civil theft by acquiring fees paid to it by Oaks with felonious intent and then failing to return the such fees to Plaintiff, despite never funding the loan or completing the due diligence process for the loan.

42.     Pi knowingly obtained, used, and endeavored to obtain and use Plaintiff's property for its own benefit and personal use, despite Plaintiff entrusting the funds to Pi for the purposes stated in the Commitment.

43.     Pi knowingly, willfully, intentionally, and with reckless disregard obtained, used, and endeavored to obtain Plaintiff's property—the $114,500.00 in fees paid to Pi—with criminal

ME1\60648861.v1

intent to exercise ownership over the property inconsistent with Oaks' right of possession to the funds.

44.     Pi has deprived and continue to deprive Plaintiff of its property because Pi has refused to fund the loan, or return the fees paid to it, despite multiple demands, including the statutory demand made pursuant to section 772.11, Florida Statutes.  Instead, Pi used Plaintiff's property for its own use and benefit.

45.     As a direct result of the civil theft, Plaintiff has suffered treble damages in the amount of $343,500, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests entry of judgment in its favor and against Pi for treble damages, with attorneys' fees, all costs of this action, and for such other relief as this Court deems just and proper.

## COUNT IV:  FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (against Pi)

46.     Plaintiff incorporates and realleges paragraphs 1 through 19 above as if fully set forth herein.

47.     Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. § 501.204, as, *inter alia,* set forth above in Paragraphs 9 through 19.

48.     Plaintiff was damaged by the deceptive and unfair trade practices of Pi, which include, but are not limited to, the actions described in Paragraphs 9 through 19.

49.     Plaintiff is entitled to its actual damages and attorneys' fees and costs in accordance with Fla. Stat. §§ 502.11, 501.2105.

ME1\60648861.v1

**WHEREFORE**, Plaintiff respectfully requests entry of judgment in its favor and against Pi for damages, prejudgment interest, attorneys' fees, all costs of this action, and for such other relief as this Court deems just and proper.

**COUNT V:  VIOLATION OF CALIFORNIA FINANCE LENDERS LAW (against Pi)**

50.     Plaintiff adopts and realleges the allegations contained in paragraphs 1 though 19 herein and further states:

51.     This count is brought under the California Finance Lenders Law, California Finance Code §§ 22000-22780.

52.     California Finance Lenders Law, requires, with certain exceptions, that commercial real estate loans be made by a person or entity holding a valid license issued by the State of California  At the time Pi entered into the Commitment, and at all times thereafter, Pi was not licensed under the California Finance Lenders Law to make real estate loans in the state of California.

53.     Pi charged Oak $114,500 in fees in connection with the Commitment.  Oak paid Pi $114,500 in fees in connection with the Commitment.

54.     Pi's charging of such loan fees was improper, unauthorized and illegal, under the California Finance Lenders Law.  Pi's receipt of such $114,500 in loan fees was improper, unauthorized and illegal, under the California Finance Lenders Law.

54.     Plaintiff is entitled to recover its actual damages, and prejudgment interest, costs of suit for Violation Of California Finance Lenders Law.

ME1\60648861.v1

**WHEREFORE,** Plaintiff respectfully requests entry of judgment in favor of Oaks and against Pi for damages, prejudgment interest, attorneys' fees, all costs of this action, and for such other and further relief as this Court deems just and proper.

Dated: April 15, 2026

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**
*Counsel for Plaintiff*
121 Alhambra Plaza, Suite 1700
Coral Gables, FL 33131
786-437-5844

By: *s/ Stephanie Reed Traband*
STEPHANIE REED TRABAND, ESQ.
Florida Bar No. 158471
Primary: straband@mccarter.com
Secondary:  chfernandez@mccarter.com

ME1\60648861.v1